### GOLDSTEIN v. MALTINSKY et al.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

MONEY RECEIVED (§ 18*)—ACTIONS —EVIDENCE—SUFFICIENCY.

In an action to recover the proceeds of a note which plaintiff claimed to have transferred to defendant for safe-keeping, and which she also claimed she lent defendant to collect and keep the proceeds as a loan, evidence *held* insufficient to support a judgment for plaintiff.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 70–72; Dec. Dig. § 18.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Bache (Schect) Goldstein against Morris Maltinsky and others. From a judgment for plaintiff, defendant Jennie Miller appeals; and plaintiff likewise appeals from an order denying a motion to amend the judgment. Plaintiff's appeal dismissed, and judgment reversed and remanded on defendant's appeal.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Emil P. Korkus, of Brooklyn, for appellant.

Joshua S. Shapiro, of New York City, for respondent.

BIJUR, J. Plaintiff sues appellant for the proceeds of a note of $400, made by an ice cream company, which note plaintiff testified she had given defendant for safe-keeping, but which she had collected and refused to pay over the proceeds to plaintiff. Had this alone appeared from plaintiff's case, the mere fact that defendant denies the transaction and is in part corroborated by her witnesses would not call for a reversal; but, unfortunately for the recovery, plaintiff has herself presented two versions of the transaction, both of which cannot be true. In addition to her story as above outlined, she also testified that a few days before the note fell due she met the appellant at the house of Sarah Maltinsky; that appellant said she was short of money for the purpose of purchasing a mortgage, and at Mrs. Maltinsky's suggestion, plaintiff loaned appellant this note to collect and keep the proceeds thereof as a loan. That also is the version of Mrs. Maltinsky, who was offered by plaintiff as a witness. Appellant's version of the transaction is that she had never previously heard or known of this note, but that Mrs. and Mr. Maltinsky owed her some $500 or $600 on ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

count of a mortgage on their house, that she had been trying to collect it for months, and that one day when she met the plaintiff at Mrs. Maltinsky's house, Mrs. Maltinsky and plaintiff went into another room, and shortly thereafter Mrs. Maltinsky handed appellant this note as part payment on the mortgage. Appellant also claims that the defendants Maltinsky delivered the ice cream company's note to the plaintiff in a transaction which has no bearing on the present issues, and got that note back from plaintiff upon giving her their own note for the same amount. This version is significantly confirmed by a number of salient facts. In the first place, in the verified complaint, plaintiff made appellant and the two Maltinskys joint defendants, alleging that she had loaned $400 *to the defendants,* and asked for judgment against them. In her bill of particulars this is amplified by a further allegation that the defendant Morris Maltinsky, as evidence of the indebtedness, delivered to plaintiff his note for $400. At the opening of the trial plaintiff discontinued as against the two Maltinskys. Plaintiff's attorney, called on behalf of defendant, admitted also that the Maltinsky note to plaintiff had been destroyed.

The issue is so narrow, and the difference between the two versions so marked, that plaintiff cannot recover without maintaining one consistent theory of the transaction. Having proved two which are inconsistent, and· one of which accords very closely with the theory of the defense, the judgment must be reversed, and a new trial granted, with costs to abide the event. Plaintiff's appeal dismissed without costs.

LEHMAN, J., concurs. SEABURY, J., dissents.